POLSINELLI PC
Jason A. Nagi
Frank T. Spano
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199
jnagi@polsinelli.com
fspano@polsinelli.com

Brett D. Anders  (*pro hac vice* to be submitted)
900 West 48th Place, Suite 900
Kansas City, Missouri  64112
(816) 753-1000
banders@polsinelli.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TUEBOR REIT SUB LLC,<br><br>                                    Plaintiff<br>v.<br><br>NATIN PAUL a/k/a NATE PAUL,<br><br>                                    Defendant | Case No. 19-cv-8540 |

## COMPLAINT

Plaintiff Tuebor REIT Sub LLC ("**Lender**"), by and through its undersigned counsel, files this Complaint against Natin Paul a/k/a Nate Paul ("**Guarantor**") and in support thereof, alleges as follows.

**I.     THE PARTIES, JURISDICTION, AND VENUE**

1.     Lender is a Michigan limited liability company with its principal office in Burlington, Vermont.

2.     Guarantor is an individual and resident of the State of Texas with an address of 401 Congress Avenue, 33rd Floor, Austin, Texas 78701.

3.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Lender is completely diverse from Guarantor.

4. The Guaranty of Recourse Obligations, dated as of February 6, 2018 (as amended from time to time, the "**Guaranty**"), executed by Guarantor contains a forum selection clause that designates any federal court in the State of New York as a proper forum for disputes relating to the Guaranty.

5. A true and correct copy of the Guaranty is attached hereto as **Exhibit A** and incorporated herein by reference.

6. The Court has personal jurisdiction over Guarantor because Guarantor is bound by the contractual agreements in the Guaranty to submit to jurisdiction in a federal court situated in New York.

7. Pursuant to the Guaranty, Guarantor has designated and appointed World Class Capital Group, LLC, 767 Fifth Avenue, 16th Floor, New York, New York, Attention: Legal Department, as his authorized agent to accept and acknowledge service of any and all process on behalf of Guarantor.

## II. THE LOAN TRANSACTION

8. On or about February 6, 2018, Ladder Capital Finance LLC ("**Original Lender**") made a commercial real estate mortgage loan to Silicon Hills Campus, LLC ("**Borrower**") in the original principal amount of $64,000,000.00 (the "**Loan**").

9. The Loan is evidenced in part by that certain Loan Agreement, dated as of February 6, 2018 (as amended from time to time, the "**Loan Agreement**"), a true and correct copy of which is attached hereto as **Exhibit B** and incorporated herein by reference.

10. The Loan is further evidenced in part by that certain Promissory Note, dated as of February 6, 2018 (as amended from time to time, the **"Note"**), in the original principal amount of $64,000,000.00, a true and correct copy of which is attached hereto as **Exhibit C** and incorporated herein by reference.

11. In connection with the Loan, Guarantor executed the Guaranty.

12. The Guaranty provides that, upon the occurrence of certain events, the Loan shall be fully recourse to Guarantor (the "**Recourse Obligations**"). Among other things, the Borrower's failure to obtain Original Lender's prior written consent to any Transfer (as defined in the Loan Agreement), except to the extent permitted by the Loan Documents, triggers Guarantor's full recourse liability.

13. The Loan Agreement, the Note, the Deed of Trust, the Guaranty, and all other documents further evidencing, securing or executed in connection with the Loan, together with any modifications to any of the foregoing, are sometimes referred to herein collectively as the "**Loan Documents**."

14. Lender is the current owner and holder of the Loan and the Loan Documents.

15. Lender's ownership of the Loan and Loan Documents is evidenced by an Allonge attached to the Promissory Note (the "**Allonge**") (Ex. C), a General Assignment and Assumption (the "**General Assignment**"), an Assignment of Deed of Trust (the "**Deed Assignment**"), and an Assignment of Assignment of Leases and Rents and Security Agreement (the "**AALR**").  A true and correct copy of the General Assignment, Deed Assignment and AALR, are attached hereto as **Exhibit D** and incorporated herein by reference.

16. The Loan Documents have not been further assigned.

**III.   THE AMENDMENTS TO THE LOAN DOCUMENTS**

17. Lender and Borrower entered into that certain First Amendment to Loan Agreement, Guaranty of Recourse Obligations, and Other Loan Documents, dated as of May 4, 2019 (the "**First Amendment**"). A true and correct copy of the First Amendment is attached hereto as **Exhibit E** and incorporated herein by reference.

18. Section 1(c) of the First Amendment modified the Guaranty to additionally provide that Guarantor guarantees payment of the Loan at maturity in an amount equal to $3,000,000.00, together with any accrued and unpaid interest thereon (the "**Payment Obligation,**" and together with the Recourse Obligations and other obligations under the Guaranty, the "**Guaranteed Obligations**").

19. Guarantor acknowledged and consented to the modification of the Guaranty in the First Amendment.

20. Lender and Borrower entered into that certain Second Amendment to Loan Agreement and Other Loan Documents, dated as of July 15, 2019 (the "**Second Amendment**"), in which Guarantor reaffirmed the Guaranty. A true and correct copy of the Second Amendment is attached hereto as **Exhibit F** and incorporated herein by reference.

21. Pursuant to the Second Amendment, the Loan matured on August 30, 2019 at 1:01 p.m. Eastern Daylight Time (the "**Maturity Date**").

## IV. BREACHES UNDER THE GUARANTY

22. Under the Loan Documents, Borrower agreed to pay the full amount of the Loan on or before the Maturity Date.

23. Borrower failed to make the required payment of debt as of the Maturity Date. The entire unpaid balance of the Note is immediately due and owing.

24. Under the Guaranty, pursuant to the First Amendment, Guarantor guaranteed payment of $3,000,000.00 of the unpaid principal balance at the Maturity Date, together with any accrued and unpaid interest thereon.

25. The matured indebtedness has not been paid under the Note, and Guarantor has failed to make any payment under the Guaranty, and as such, Guarantor has failed to perform its Payment Obligation under the Guaranty.

26. Additionally, a mechanic's lien has been filed against the Property in the amount of approximately $107,000.00.

27. "Transfer" is defined in the Loan Agreement in broad terms sufficient to include the placement, or incurring, of any encumbrance such as a lien, including an involuntary lien, against the property securing the debt owed under the Loan (the **"Property"**).  Accordingly, when the mechanic's lien claimant recorded a lien against the Property, a Transfer occurred under the terms and provisions of the Loan Agreement.  Borrower failed to obtain Lender's prior written consent to a Transfer, which results in the Loan becoming fully recourse as to Guarantor.

## COUNT I—SUIT ON GUARANTY

28. Lender incorporates the preceding allegations as if fully stated herein.

29. Guarantor executed and delivered the Guaranty to Original Lender.

30. Pursuant to the Guaranty, Guarantors irrevocably and unconditionally guaranteed to Lender and its successors and assigns the payment and performance of the Guaranteed Obligations.

31. The Guaranteed Obligations include: (i) the payment of the entire debt under the Loan from and after the date that any Recourse Obligation arises; and (ii) the payment of $3,000,000.00 on the Maturity Date if the Loan is not fully paid thereon.

32. Borrower failed to obtain Lender's prior written consent to a Transfer.

33. The Loan is fully recourse as a result, and Guarantor is personally liable for the payment and performance of amounts owed under the Loan Documents.

34. As a result, Guarantor is personally liable for the amounts resulting from Borrower's failure to pay any charge for labor or materials that resulted in a mechanic's lien being filed against the Property.

35. Additionally, Guarantor failed to pay $3,000,000.00 to Lender on the Maturity Date, despite there being outstanding amounts owed on the Loan as of that date.

36. As a result, Guarantor is liable, at a minimum, for the $3,000,000.00 payment he guaranteed as of the Maturity Date.

37. Under the Guaranty, Lender is entitled to collect from Guarantor all fees and costs, including attorneys' fees, incurred by Lender in connection with Lender's enforcement of the Guaranty.

WHEREFORE

A. Lender is entitled to entry of judgment against Guarantor in the following amounts as of September 12, 2019:

   a) principal in the amount of $61,500,000.00;

   b) exit fee in the amount of $615,000.00;

   c) regular and default interest as prescribed by the Loan Documents;

   d) all additional fees and costs, including servicing and attorneys' fees, incurred by Lender in connection with the enforcement of the Loan Documents; and

   e) postjudgment interest at the default rate set forth in the Note.

B. In the alternative, Lender is entitled to entry of judgment against Guarantor for $3,000,000.00, together with any accrued and unpaid interest thereon, and further prays for entry of judgment against Guarantor for damages incurred for Guarantor's failure to pay any charge for labor or materials that resulted in a mechanic's lien on the Property, in the amount to be proven at trial and for attorneys' fees and costs in prosecuting this action, and for other relief as is just and proper under the circumstances.

C. Lender is entitled to entry of judgment against Guarantor, together with fees and costs, including attorneys' fees, incurred by Lender in connection with the enforcement of the Guaranty.

Dated: New York, New York
September 12, 2019

                        POLSINELLI PC

                        By:  /s/   Jason A. Nagi
                             Jason A. Nagi
                             Frank T. Spano
                             600 Third Avenue, 42nd Floor
                             New York, New York 10016
                             (212) 684-0199
                             Fax No. (212) 684-0197
                             jnagi@polsinelli.com
                             fspano@polsinelli.com

- and -

                             Brett D. Anders (*pro hac vice* to be submitted)
                             900 West 48th Place, Suite 900
                             Kansas City, Missouri  64112
                             (816) 753-1000
                             banders@polsinelli.com

                        ATTORNEYS FOR PLAINTIFF