

March 27, 2022

**By ECF**
Honorable J. Paul Oetken, United States District Judge
United States District Court, Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *ATX Debt Fund 1, LLC v. Paul,* 19-cv-08540 (JPO) (S.D.N.Y.)

Dear Judge Oetken:

The undersigned counsel for Defendant Natin Paul herein submits this letter brief as directed by the Court's docket order (Dkt. No. 54) to set forth why this action should NOT be resolved on summary judgment, certainly not at this early stage of the case.

This action involves the guaranty of a commercial mortgage loan and egregiously willful misconduct by the purchaser of the mortgage loan (a competitor to Defendant Paul that apparently acquired the loan for predatory purposes to acquire the valuable real estate property for itself and to harm Defendant Paul), which was clearly directed at the guarantor. Therefore, Defendant Paul takes the position that summary judgment motions would be premature at this stage, and that discovery is required regarding the affirmative defenses and counter claims asserted by Defendant Paul against Plaintiff ATX Debt Fund 1, LLC ("**Plaintiff**" or "**ATX1**"), in his Answer (Dkt. No. 49), and the third-party claims brought against the original lender Ladder Capital Finance, LLC ("**Ladder**"), its corporate affiliate assignee of the loan, Original Plaintiff Tuebor REIT SUB, LLC ("**Tuebor-Ladder**"), the apparent owners of shell company ATX1 and its affiliate ATX Debt Fund 2, LLC ("**ATX2**"), and their alter-egos or co-conspirators who aided and abetted the fraudulent acts of ATX1 and Tuebor-Ladder (Dkt. No. 53).

Counsel for ATX1 will undoubtedly argue that this Court should follow the lead of Hon. Andrew Borrok who rushed straight into a summary judgment ruling in a similar case brought by Ladder and now maintained by ATX2, styled *ATX Debt Fund 2, LLC v. Natin Paul,* Index No. 650728/2020 (NY Sup. Ct., NY County) (the "**NYS Case**"). However, Justice Borrok made reversible errors of both law and fact in finding that the guaranties in that case waived all defenses and issuing one order denying the guarantor any discovery sought, and another order dismissing all affirmative defenses and granting summary judgment. Defendant Paul has already perfected the interlocutory appeal of both of these error-filled interlocutory orders issued, which appeals are scheduled to be heard by the Appellate Division, First Department in its June Term, as early as May 17, 2022. Copies of the overlapping Appellant's Briefs on the two appeals which should be heard together in May, are annexed hereto as Exhibits "1" and "2", respectively. In the appeal Briefs, Defendant Paul persuasively argues that the state court justice made a clear error in holding

HON. J. PAUL OETKEN
MARCH 27, 2022; PAGE 2



*ATX DEBT FUND 2 V. PAUL*
19-CV-8540 (JPO)

that all affirmative defenses had been waived, when in fact **Section 2.14 of the guaranty (a clause never addressed by Justice Borrok)** <u>**clearly carves out a defense by the guarantor for "any act or omission constituting gross negligence or willful misconduct on the part of Lender and/or its agents.**</u>**"** Moreover, in both appellate Briefs, defendant Paul also argues that, even if there was a blanket contractual waiver, controlling law would hold such a waiver unenforceable with respect to defenses (and counterclaims) grounded in the lender's fraudulent, oppressive and unfair acts, and certainly with respect to such acts that post-dated the signing of the guaranty. While "[a] waiver of the right to assert a setoff or counterclaim is not against public policy and has been enforced (*Federal Deposit Ins. Corp. v. Frank L. Marino*, 74 A.D.2d 620 [2d Dept. 1980] ["*Marino*"]), the enforceability of a defense waiver is plainly not unlimited. Under New York law, waivers of defenses contained in a guarantee are invalid in cases such as this one where the lender engaged in fraudulent, wrongful and oppressive conduct in order to manufacture a deficiency. *See North Fork Bank v. Computerized Quality Separ*, 62 A.D3d 973, 974, 879 N.Y.S2d 575 [2d Dept. 2009][A waiver provision "will be enforced <u>in the absence</u> of fraud or negligence in the disposition of collateral"][emphasis supplied]; *see also Sterling Nat. Bank Trust Co. of N.Y. v. Giannetti*, 53 A.D.2d 533, 53 N.YS.2d 533 [1st Dept. 1976]["defenses based upon allegations of fraud may not be waived"], *Marino*, 74 A.D.2d at 620; *In re Futterman*, 602 B.R .465, 478 [Bankr S.D.N.Y. 2019] [applying New York law and holding that there is an exception to the presumption of validity of a waiver of defense or claims provision where, as applicable here "fraud or similar deliberately wrongful and oppressive conduct has occurred". The *Futterman* case opined that "New York State has a public policy against permitting a party to use a pre-existing waiver to shield itself from the consequences of its own subsequent fraud" (602 B.R. at 478 [citing *Overseas Private Inv. Corp.*, No. 10 Civ. 7096, 2012 WL 967458 at *7 [S.D.N.Y. March 14, 2012][case detailing New York's "well-established" public policy and ruling that a waiver did not foreclose a fraud claim under New York even though it was both "unconditional[]" and "irrevocabl[e]"]), particularly "[w]here conduct truly is collusive, fraudulent and manipulative", such as "allegations that [the foreclosing party] violated auction rules, discouraged bidders, and/or colluded with bidders, and then falsely reported to the Court that the auction had been conducted at arm's-length and in good faith" (602 B.R. at 481)".

Here, the willful misconduct was perpetuated not by a traditional lender, but by a competitor to Defendant Paul who purchased the underlying mortgage and then undertook any means necessary to not only obtain the collateral, but also to harm Mr. Paul. The affirmative defenses, counter claims and third-party claims asserted in this action are clearly grounded in fraudulent, intentional, willful and oppressive acts that post-dated the signing of the guaranty -- including the fraudulent creation of the original default as part of the predatory competitor's loan to own scheme, the fraudulent misrepresentations [by both Tuebor-Ladder and ATX1] to the bankruptcy court regarding the value of the underlying property, the rejection of the competitive $90,500,000 bid for the Silicon Hills Property during the May 2021 foreclosure sale, the elimination of any competitive bidding for the June 2021 foreclosure sale so that ATX1 could take the Silicon Hills Property for a credit bid of only $53,000,000 (in part to fraudulently manufacture a deficiency to leverage against the guarantor, Defendant Paul), with respect to which property Plaintiff ATX1 apparently assigned its rights to Third-Party Defendant Karlin River Place, LLC and filed a


deed of title. Defendant Paul's defenses include whether or not ATX1 is a holder in due course and whether there are any claims that can be maintained against Defendant Paul given the fact that the underlying property clearly had a fair market value that dwarfed the amount of the alleged indebtedness (and the foreclosure by ATX1 would have eliminated any claim against the guarantor). Indeed, in its proposed judgment in the NYS Case (a copy of which is annexed hereto as Exhibit "3"), ATX has effectively conceded that it can only be granted a judgment on a loan guaranty for the amount of the deficiency (but erroneously contends that its own fraudulently-manufactured "credit bid", instead of the actual fair market value of the property at the time of the foreclosure), is the appropriate amount to consider. *See Futterman*, 602 B.R. at 477 ('real" property value (rather than a nominal sale value) [should be used in calculating the amount of a deficiency claim"]; citing to New York Court of Appeals and Second Circuit Court of Appeals opinions).

"On summary judgment, the party bearing the burden of proof at trial must provide evidence on each element of its claim or defense." *Cohen Lans LLP v. Naseman,* No. 14 Civ. 4045, 2017 WL 477775, at *3 (S.D.N.Y. Feb. 3, 2017) (JPO) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)). As this Court has also ruled, summary judgment is rarely "'granted against a [non-movant] who has not been afforded the opportunity to conduct discovery…[t]he nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment.'" *Syrup Assocs., Inc. v Coastal Dev. Mass., LLC, at *4-5, 9* (SDNY, May 15, 2019, 18-CV-8133 (JPO) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94, 97 (2d Cir. 2000), which in turn had quoted *Trebor Sportswear Co. v. The Limited Stores, Inc.,* 865 F.2d 506, 511 (2d Cir. 1989)). *See also Lbbw Luxemburg S.A. v Wells Fargo Securities LLC,* 10 F.Supp.3d 504, 523 n 26 (S.D.N.Y. 2014] (JPO) *(*where this Court quoted *Jered Contracting Corp. v. New York City Transit Auth.,* 22 N.Y.2d 187, 194, 292 N.Y.S.2d 98, 239 N.E.2d 197, 201 (1968) for the holding that "[t]he New York Court of Appeals has held that it is inappropriate to dismiss a fraud claim based on failure to allege with specificity facts that are likely within the defendant's peculiar knowledge.") "The court views all 'evidence in the light most favorable to the non-moving party,' and summary judgment may be granted only if 'no reasonable trier of fact could find in favor of the nonmoving party.'" *Syrup Assocs., Inc. (quoting Allen v. Coughlin,* 64 F.3d 77, 79 (2d Cir. 1995) (which in turn quoted *Lund's, Inc. v. Chem. Bank,* 870 F.2d 840, 844 (2d Cir. 1989)).

Where issues of facts abound and discovery is warranted -- with respect to the defenses and counter/third-party claims grounded in the willful misconduct and fraudulent acts of original lender Tuebor-Ladder and Plaintiff ATX1 (a competitor who purchased the note and guaranty), and the question of whether any claims against the guarantor survive ATX1's foreclosure on the valuable property -- summary judgment should not be considered, particularly at this early stage of the action.

Respectfully Submitted,

Mitchell C. Shapiro

cc: All counsel of record (via ECF)