POLSINELLI PC
Bradley R. Gardner
Morgan C. Fiander
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199
bgardner@polsinelli.com
mfiander@polsinelli.com

*Attorneys for Third-Party Defendants*
*Elizabeth Nicolle (Liz) Boydston and James H. Billingsley*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATX DEBT FUND 1, LLC,<br><br>                         Plaintiff,<br><br>v.<br><br>NATIN PAUL A/K/A NATE PAUL<br><br>                         Defendant, | Case No. 19-cv-8540-JPO |
| NATIN PAUL A/K/A NATE PAUL,<br><br>                 Defendant/Third-Party Plaintiff,<br><br>v.<br><br>KARLIN REAL ESTATE LLC, KARLIN REAL ESTATE 2, LLC, ATX DEBT FUND 2, LLC, KARLIN ASSET MANAGEMENT, INC., KARLIN RIVER PLACE, LLC, KARLIN CESAR CHAVEZ, LLC, KARLIN EAST SIXTH, LLC, KARLIN MOUNTAIN RIDGE, LLC, KARLIN PHILLIPS BUILDING, LLC, KARLIN 320 CONGRESS, LLC, KARLIN 422 CONGRESS, LLC, MATTHEW SCHWAB, TUEBOR REIT SUB LLC, LADDER CAPITAL FINANCE, LLC, LADDER CAPITAL CORP., ELIZABETH NICOLLE (LIZ) BOYDSTON, JAMES H. BILLINGSLEY, AND JOHN DOE DEFENDANTS 1-10,<br><br>                         Third-Party Defendants. | |

**BRIEF IN SUPPORT OF ELIZABETH NICOLLE (LIZ) BOYDSTON AND**
**JAMES H. BILLINGSLEY'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................. 1

II.     STATEMENT OF FACTS ................................................................... 2

     A.     The TPC Statement of Facts ...................................................... 2
     B.     The TPC Claims ......................................................................... 3

PROCEDURAL HISTORY ............................................................................. 4

LEGAL STANDARD ..................................................................................... 5

     A.     Timely Service ............................................................................ 5
     B.     Personal Jurisdiction ................................................................. 5
     C.     Failure to State a Claim ............................................................. 9

ARGUMENT .................................................................................................. 10

I.      THE COURT MUST DISMISS THE TPC FOR UNTIMELY SERVICE. ..................... 10

II.     THE COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER POLSINELLI DEFENDANTS. ................................................................. 11

     A.     Exercising personal jurisdiction over the Polsinelli Defendants does not comport with due process. ..................................................... 12
     B.     None of the long-arm statute subdivisions apply .................................. 13

III.    THE CLAIMS ASSERTED IN THE TPC ARE NOT PROPER THIRD-PARTY CLAIMS UNDER RULE 14, AS NONE RELATE TO INDEMNITY ......................... 15

IV.    GUARANTOR FAILED TO STATE A CLAIM AGAINST THE POLSINELLI DEFENDANTS. .............................................................................. 16

     A.     Claims for Gross Negligence and Willful Misconduct against Polsinelli Defendants are barred by the Texas Attorney Immunity Privilege and thus fail to state a claim. ................................................................. 16
     B.     Guarantor failed to state a claim for fraud or aiding and abetting fraud .............. 18

CONCLUSION ................................................................................................ 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

" *Fica Frio, Ltd. v. Seinfeld*,
434 F.Supp.3d 80 (S.D.N.Y. 2020) ...............................................................5, 6

*Alpert v. Crain, Caton & James, P.C.*,
178 S.W.3d 398 (Tex.App.-Houston [1st Dist.] 2005).........................................17

*Aluminal Industries, Inc. v. Newtown Commercial Associates*,
89 F.R.D. 326 (S.D.N.Y. 1980) .....................................................................8

*Aquino by Convergent Distrib. Of Texas, LLC v. Alexander Capital, LP*,
No. 21 Civ. 1355, 2021 WL 3185533 (S.D.N.Y. 2021) .....................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...............................................................................9, 10

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*,
531 F.Supp.2d 620 (S.D.N.Y. 2008)...............................................................10

*Astor Chocolate Corp. v. Elite Gold Ltd.*,
510 F.Supp.3d 108 (S.D.N.Y. 2020)...............................................................8

*Bank of India v. Trendi Sportswear, Inc.*,
239 F.3d 428 (2d Cir. 2000)........................................................................15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 554 (2007), cert. denied, 552 U.S. 1182 (2008) ....................................9

*Bensusan Rest. Corp. v. King*,
126 F.3d 25 (2d Cir. 1997)......................................................................5, 6, 8

*In re Bernard L. Madoff Investment Securities LLC*,
418 B.R. 75 (Bankr. S.D.N.Y. 2009) ..............................................................14

*Best Van Lines, Inc. v. Walker*,
490 F.3d 239 (2d Cir. 2007).........................................................................7

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)............................................................................6, 7, 14

*Cantey Hanger, LLP v. Byrd*,
467 S.W.3d 477 (Texas, 2015) .................................................................16, 17

*Charles Schwab Corp. v. Bank of Am. Corp.*,
    883 F.3d 68 (2d Cir. 2018)............................................................................6

*Ctr. Cadillac, Inc. v. Bank Leumi Tr. Co. of N.Y.*,
    808 F.Supp. 213 (S.D.N.Y. 1992) .............................................................18

*In re del Valle Ruiz*,
    939 F.3d 520 (2d Cir. 2019)........................................................................6

*DeLorenzo v. Viceroy Hotel Grp.*,
    757 F.App'x 6 (2d Cir. 2018) .....................................................................6

*DiStefano v. Carozzi N. Am., Inc.*,
    286 F.3d 81 (2d Cir. 2001)..........................................................................5

*Divittorio v. Equidyne Extractive Indus., Inc.*,
    822 F.2d 1242 (2d Cir. 1987)....................................................................18

*ESI, Inc. v. Coastal Corp.*,
    61 F.Supp.2d 35 (S.D.N.Y. 1999) ..............................................................7

*Feathers v. McLucas*,
    15 N.Y.2d 443 (1965) .................................................................................8

*Feingold v. Hankin*,
    269 F.Supp.2d 268 (S.D.N.Y. 2003)..........................................................5

*Gangemi v. Arch Oncology, Inc.*,
    22-CV-7961 Slip.........................................................................................10

*Gavish v. Revlon, Inc.*,
    2004 WL 2210269 (S.D.N.Y. 2004)...........................................................10

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009)..........................................................................9

*Hutton v. Piepgras*,
    451 F.Supp. 205 (S.D.N.Y. 1978) ..............................................................5

*iBasis Global, Inc. v. Diamond Phone Card, Inc.*,
    278 F.R.D. 70 (E.D.N.Y. 2011) ................................................................15

*Krepps v. Reiner*,
    588 F.Supp.2d 471 (S.D.N.Y. 2008)......................................................5, 6

*Kruegel v. Murphy*,
    126 S.W. 343 (Tex. Civ. App. 1910) .......................................................17

*LaMarca v. Pak-Mor Mfg. Co.*,
    95 N.Y.2d 210 (2000) ................................................................8, 14

*Lancaster v. Colonial Motor Freight Line, Inc.*,
    177 A.D.2d 152 (1st Dept. 1992) ...............................................9

*Likover v. Sunflower Terrace II, Ltd.*,
    696 S.W.2d 468 (Tex. Civ. App.-Houston [1st Dist.] 1985) ................19

*Ltd. v. Patriarch Partners, LLC*,
    286 F.Supp.3d 634 (S.D.N.Y. 2017) ...........................................15

*Marine Midland Bank, N.A. v. Miller*,
    664 F.2d 899 (2d Cir. 1981) ......................................................5

*Masonite Corp. v. Hellenic Lines, Ltd.*,
    412 FSupp. 434 (S.D.N.Y. 1976) ...............................................5

*Mayor & City Council of Bal. v. Citigroup, Inc.*,
    709 F.3d 129 (2d Cir. 2019)......................................................9

*McKee Elec. Co. v. Rauland-Borg Corp.*,
    20 N.Y.2d 377 (1987) ...............................................................7

*Miller v. Stonehenge/Fasa-Texas, JDC, L.P.*,
    993 F.Supp. 461 (N.D. Tex. 1998) ............................................18

*Newton v. Meyer*,
    22 Civ. 540 Slip ......................................................................9

*Pasternack v. Lab'y Corp. of Am. Holdings*,
    27 N.Y.3d 817, 59 N.E.3d 485 (2016)....................................17, 18

*Prudential Ins. Co. of Am. v. BMC Indus., Inc.*,
    113 F.R.D. 100 (S.D.N.Y. 1986) ..............................................15

*SA Luxury Expeditions, LLC v. Schleien*,
    22-CV-3825 Slip ....................................................................18

*SPV Osus Ltd. v. UBS AG*,
    882 F.3d 333 (2d Cir. 2018)......................................................6

*Transtexas Gas Corp. v. Stanley*,
    881 F.Supp. 268 (S.D. Tex. 1994) ............................................18

*Troice v. Proskauer Rose, L.L.P.*,
    816 F.3d 341 (5th Cir. 2016) ...................................................17

*Tyurin v. B & H Photo Video Pro Audio LLC*,
   No. 17 Civ. 5983, 2018 WL 4760658 (S.D.N.Y. 2018) ..........................................................17

*Valentini v. Group Health Incorporated*,
   220 Civ. 9526 Slip ............................................................................................................17

*Walden v. Fiore*,
   571 U.S. 277 (2014)..............................................................................................................6

**Statutes**

CPLR § 302...........................................................................................................7, 8, 13, 14, 15

F.R.C.P. Rule 4 ..........................................................................................................1, 5, 10, 11

F.R.C.P. Rule 9(b)......................................................................................................10, 18, 19

F.R.C.P. Rule 12(b).......................................................................................................1, 9, 10

F.R.C.P. Rule 14 ...........................................................................................................1, 15, 19

Pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(2), and 12(b)(6), Third-Party Defendants Elizabeth Nicolle (Liz) Boydston ("**Boydston**") and James H. Billingsley ("**Billingsley**" and collectively with Boydston, the "**Polsinelli Defendants**") respectfully submit this brief in support of their Motion to Dismiss the Third-Party Complaint (the "**TPC**") filed by Defendant/Third-Party Plaintiff Natin Paul a/k/a Nate Paul ("**Guarantor**"). In support, the Polsinelli Defendants state as follows.

## I.    <u>INTRODUCTION</u>

The Polsinelli Defendants do not belong in this lawsuit. As a threshold issue, Guarantor failed to effect timely service. Under F.R.C.P. 4(m), this Court *must* dismiss the TPC against Polsinelli Defendants due to Guarantor's failure, without good cause, to serve Polsinelli Defendants within 90 days of filing the TPC. Further, even if the TPC has been timely served, the claims asserted in the TPC are not property third-party claims under Federal Rule of Civil Procedure 14. Additionally, Guarantor has not pled *any* facts that would support this Court exercising personal jurisdiction over two Texas lawyers who have no connection to the actual claims and issues at play between the parties in this case. Even if the Court were to (a) find good cause for the failure to effect timely service, (b) conclude that the claims in the TPC are proper third-party claims, and (c) conclude that it has personal jurisdiction, which it cannot, the TPC wholly fails to state *any* cause of action against the Polsinelli Defendants. Two, if not all four, of the causes of action asserted against the Polsinelli Defendants, are completely barred as a matter of law by the Texas attorney immunity privilege. The third and fourth causes of action, if not barred outright, still fail to state a claim as they do not meet the heightened pleading standard for fraud. For these reasons, the TPC must be dismissed with prejudice as to Polsinelli Defendants.

II.  **STATEMENT OF FACTS**

A.  *The TPC Statement of Facts*

This Statement of Facts is drawn from the TPC for purposes of this Motion only. Nothing herein is or should be deemed to be an admission of fact whatsoever. Due to the unnecessarily exorbitant number of paragraphs and irrelevant, rambling facts set forth in the TPC, this Statement of Facts contains only those facts necessary to resolve this Motion.

The Property at issue in this action, referred to as the Silicon Hills Property,[1] is located in Austin, Texas. [TPC ¶ 30.] The bankruptcy referenced in these paragraphs was in a "Texas bankruptcy court."[2] [TPC, ¶ 2.] The "Rigged" or "Sham" Foreclosure Sales, as defined by Guarantor, all took place in Texas. [TPC, *generally*.]

Boydston is an individual resident of the state of Texas who is and has been engaged in business in the state of Texas. [TPC, ¶ 25.] Guarantor baselessly alleges that Boydston, "conspired, colluded or added and abetted Third-Party Defendant Tuebor-Ladder, and/or Plaintiff ATX1 and other Third Party Defendants in the fraudulent loan to own scheme . . . ." [TPC, ¶ 25.] Guarantor alleges that Boydston "set up ATX1 and certain of the other Karlin Entities as mere shells for the purpose of attempting to hide their identities . . . ." [TPC, ¶ 33.] Guarantor also alleges that Boydston "represented Tuebor-Ladder in the bankruptcy proceedings" and in connection with certain foreclosure sales. [TPC, ¶ 64, 91.]

Billingsley is an individual resident of the state of Texas who is and was engaged in business in the state of Texas. [TPC, ¶ 26.] Guarantor baselessly alleges that Billingsley

---

[1] The TPC also references a set of separate properties known as the "H8 Properties," which are not the subject of this action. In fact, these claims are pending in a separate action in the Supreme Court of the State of New York, County of New York.

[2] Specifically, the United States Bankruptcy Court for the Western District of Texas.

"conspired, colluded or aided and abetted Third-Party Defendant Tuebor-Ladder, and/or Plaintiff ATX1 and other Third Party Defendants in the fraudulent loan to own scheme . . . ." [TPC ¶ 26.] Guarantor alleges that Billingsley "set up ATX1 and certain of the other Karlin Entities as mere shells for the purpose of attempting to hide their identities . . . ." [TPC, ¶ 33.] Guarantor also alleges that Billingsley engaged in "active bidding on behalf of the Karlin Entities" at certain foreclosure sales. [TPC, ¶ 162.]

   **B.     *The TPC Claims***

   "Third-Party Claim V" for "Fraud" is purportedly directed at all Third-Party Defendants. It alleges that Polsinelli Defendants "actively directed, participated in (by making false statements) and benefitted from the fraudulent scheme" which acts purportedly included "the active bidding" at the Foreclosure Sale and "alleged misrepresentations to the bankruptcy court." [TPC, ¶ 162–63.]

   "Third-Party Claim VI" for "Aiding and Abetting Fraud" is purportedly directed at all Third-Party Defendants. Nowhere in this entire cause of action does Guarantor mention Boydston or Billingsley by name or other reference.

   "Third-Party Claim VIII" for "Gross Negligence" is purportedly directed against all Third-Party Defendants. Again, Guarantor does not mention Boydston or Billingsley by name or other reference anywhere in these paragraphs.

   Finally, "Third-Party Claim IX" for "Willful Misconduct" is also directed against all Third-Party Defendants. Similarly, neither Boydston nor Billingsley are mentioned by name or any other reference in connection with this claim.

   Notably, Guarantor does not actually plead *any* supporting facts related to Boydston or Billingsley with respect to even the bare bones, conclusory allegations that were included in just those seven paragraphs—a nominal amount when considering the TPC rambles on for nearly 200

3

paragraphs (many of which are entirely irrelevant). As detailed herein, none of these vague and unsupported allegations against the Polsinelli Defendants are sufficient to (a) support the exercise of personal jurisdiction over the Polsinelli Defendants or (b) state a claim against the Polsinelli Defendants.

## PROCEDURAL HISTORY

This action was initially filed by Tuebor REIT Sub LLC on September 13, 2019. [Doc. No. 1].  Tuebor REIT Sub LLC was terminated as the plaintiff on July 12, 2021, and ATX Debt Fund 1, LLC was replaced as Plaintiff. ATX Debt Fund 1, LLC ("**ATX1**") is the current Plaintiff. [Doc. No. 44].

On March 21, 2022, Guarantor attempted to file the TPC (or a document substantially similar to the TPC) but it was rejected by the clerk as deficient because Guarantor failed to add all parties to CM ECF, failed to correctly identify the party roles, the party names contained typos and were entered in all capital letters, and the document was entered as the wrong type of document. [Docket entries dated March 21, 2022 and March 22, 2022.]

Eventually, on January 20, 2023 (nine months after the TPC was first rejected), Guarantor correctly filed the instant TPC. [Doc. No. 100.] On January 25, 2023, Guarantor requested the issuance of summonses. [Doc. No. 104.] This request was rejected as deficient. [Doc. No. 104, entries dated January 25, 2023 and January 26, 2023.] Nearly two months later, on March 24, 2023, Guarantor again requested the issuance of summonses. This request was again rejected as deficient as to Boydston. [Doc. No. 115, docket entries dated March 27, 2023.] Guarantor refiled the request as to Boydston on March 28, 2023/ [Doc. No. 146.] Again, the request was rejected as deficient. [Doc. No. 146, docket entries dated March 28, 2023 and March 29, 2023.] Finally, on March 30, 2023, Guarantor filed a request for the issuance of summonses that was not rejected.

On March 27, 2023 the Court issued a summons as to Billingsley, and on March 31, 2023, the Court issued a summons as to Boydston. [Doc. Nos. 133, 151.]

As of the filing of this Motion, no affidavits of service have been filed for Billingsley or Boydston. Based on the Polsinelli Defendants' records, Billingsley was served with the Summons and TPC on May 17, 2023. Boydston was served with the Summons and TPC on May 24, 2023.

## LEGAL STANDARD

### A.     *Timely Service*

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—**must dismiss the action** without prejudice against the defendant . . . ." F.R.C.P. 4(m) (emphasis added). While Rule 4 does contain a good cause and excusable neglect standard, "good cause, or 'excusable neglect,' is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." *Feingold v. Hankin*, 269 F.Supp.2d 268, 276 (S.D.N.Y. 2003). Further, "[a]n attorney's ignorance of the rules, inadvertence, neglect, or mistake do not constitute good cause." *Id.*

### B.     *Personal Jurisdiction*

A plaintiff has the burden of establishing the basis for the court's exercise of personal jurisdiction over defendants. *See, e.g.*, *Hutton v. Piepgras*, 451 F.Supp. 205 (S.D.N.Y. 1978); *Masonite Corp. v. Hellenic Lines, Ltd.*, 412 FSupp. 434, 437 (S.D.N.Y. 1976); *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). "In deciding a pretrial motion to dismiss for lack of personal Jurisdiction, the Court . . . 'may determine the motion on the basis of affidavits alone . . . .'" *Krepps*, 126 F.3d at 479 (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)). Conclusory allegations do not suffice to establish personal jurisdiction; "a plaintiff must allege jurisdiction with factual specificity.*" Fica Frio, Ltd. v. Seinfeld*, 434

F.Supp.3d 80, 86 (S.D.N.Y. 2020) (citing *DeLorenzo v. Viceroy Hotel Grp.*, 757 F.App'x 6, 8 (2d Cir. 2018)).

In a diversity case, "the courts' inquiry as to personal jurisdiction begins with the forum state's long arm statute." *Krepps v. Reiner*, 588 F.Supp.2d 471, 478 (S.D.N.Y. 2008) (citing *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997). While federal district courts "ordinarily follow the law of the state in which they sit to determine" personal jurisdiction, "the Due Process Clause of the Fourteenth Amendment [also] constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Fica Frio*, 434 F.Supp.3d at 86 (internal quotations omitted). "Accordingly, the plaintiff must show both that state law extends the court's jurisdictional reach to the defendant and that exercising jurisdiction comports with due process." *Id.* (citing *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 82 (2d Cir. 2018).

As to due process, "it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "The Supreme Court has established three conditions that govern when courts may exercise personal jurisdiction over a defendant who is not 'fairly regarded as at home' in the state." *Fica Frio*, 434 F.Supp.3d at 93 (citing *In re del Valle Ruiz*, 939 F.3d 520, 529 (2d Cir. 2019)). "First, the defendant must have 'purposefully directed his activities at … the forum …. Such that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473–75 (1985)). Second, the lawsuit must "arise out of or relate to those activities." *Burger King*, 471 U.S. at 472. As to this element, "the Second Circuit has explained that '[w]here the defendant has had only limited contacts with the state it may be appropriate to say that he will be subject to suit in that state only if the plaintiff's injury was proximately caused by those contacts.'" *Fica Frio*, 434 F.Supp.3d at 93 (quoting *SPV Osus Ltd. v. UBS AG*, 882 F.3d

333, 344 (2d Cir. 2018)). Finally, the court must "determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Burger King*, 471 U.S. at 476.

As to New York's long-arm statute, there are several subsections under which a Court *could* exercise jurisdiction under the proper circumstances. Of Course, Guarantor has not even attempted to identify which of these he asserts should bring the Polsinelli Defendants within the personal jurisdiction of this Court. The Polsinelli Defendants will therefore explain each provision of CPLR § 302 and why none are applicable.

CPLR § 302(a)(1) provides that a nondomiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state," as to the cause of action, shall be subject to personal jurisdiction. A court may only exercise jurisdiction under this provision if "the defendant purposefully avails itself of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." *McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 382 (1987); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (quoting *McKee*). "To determine whether a party has 'transacted business' within the meaning of § 302(a)(1), courts look at the 'totality of circumstances' and consider, *inter alia*, the following factors: (1) whether the defendant has an ongoing contractual relationship with a New York corporation; (2) whether the contract was negotiated or executed in New York; (3) whether the contract contains a New York choice-of-law, forum-selection or consent to jurisdiction clause; and (4) whether the contract requires notices or payments to be sent to New York or requires supervision by the corporation in New York." *ESI, Inc. v. Coastal Corp.*, 61 F.Supp.2d 35, 57 (S.D.N.Y. 1999).

CPLR § 302(a)(2) provides for personal jurisdiction over a person who "commits a tortious act within the state" except as to defamation, while CPLR 302(a)(3) provides for personal

jurisdiction over someone who "commits a tortious act without the state causing injury to person or property within the state," except as to defamation, if he "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state," or "expects or should reasonable expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."

"CPLR § 302(a)(2) reaches only tortious acts performed by a defendant **who was physically present in New York when he performed the wrongful act**." *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997) (citing *Feathers v. McLucas*, 15 N.Y.2d 443, 458 (1965)) (emphasis added). As to CPLR § 302(a)(3), "[t]he New York Court of Appeals has explained that jurisdiction under that provision requires [a plaintiff] to demonstrate the following five factors: 'First, that defendant committed a tortious act outside the State; second, that the cause of action arises from that act; third, that the act caused injury to a person or property within the State; fourth, that defendant expected or should reasonably have expected the act to have consequences in the State; and fifth, that defendant derived substantial revenue from interstate or international commerce.'" *Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F.Supp.3d 108, 131 (S.D.N.Y. 2020) (quoting *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214 (2000)).

Finally, CPLR 302(a)(4) provides for personal jurisdiction over a person who owns, uses or possesses any real property situated within the state, with respect to the cause of action asserted. "CPLR s 302(a)(4) is confined to actions arising from the ownership, use or possession of real property; the statute does not make ownership, use or possession of real property per se a basis of jurisdiction." *Aluminal Industries, Inc. v. Newtown Commercial Associates*, 89 F.R.D. 326, 329 (S.D.N.Y. 1980) (citing *Weinstein, Korn & Miller*, New York Civil Practice P 302.16 (1979)). *See*

*also*, *Lancaster v. Colonial Motor Freight Line, Inc.*, 177 A.D.2d 152, 159 (1st Dept. 1992) (the (a)(4) subdivision "requires a relationship between the property and the cause of action sued upon"); *Newton v. Meyer*, 22 Civ. 540 Slip Copy 2023 WL 2563115, *7 (S.D.N.Y. 2023) (quoting *Lancaster*).

### C.   *Failure to State a Claim*

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Mayor & City Council of Bal. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007), cert. denied, 552 U.S. 1182 (2008)). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). The Second Circuit reviews a Rule 12(b)(6) motion under *Twombly*, guided by two principles: "First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)) (internal quotations omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial expertise and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64) (internal quotations omitted). A claim of wrongdoing is not plausible and cannot survive a motion to dismiss for failure to state a claim, if the allegations on which it is based are "not only compatible with, but indeed [are] more likely explained by, lawful … behavior." *Iqbal*, 556 U.S. 680.

Demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 677. It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief." Fed. R. Civ. Pr. 8(a)(2); *see also Iqbal*, 556 U.S. at 678–79. "[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations' and will not defeat the motion." *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F.Supp.2d 620, 622 (S.D.N.Y. 2008) (quoting *Gavish v. Revlon, Inc.*, 2004 WL 2210269, *10 (S.D.N.Y. 2004)) (internal quotation marks omitted). The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory.

Further, under Rule 9(b), "a plaintiff who alleges a fraud claim 'must state with particularity the circumstances constituting fraud or mistake.'" *Gangemi v. Arch Oncology, Inc.*, 22-CV-7961 Slip Copy 2023 WL 3687729, *2 (S.D.N.Y. 2023) (quoting F.R.C.P. Rule 9(b)). To comply with that requirement, a "complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Aquino by Convergent Distrib. Of Texas, LLC v. Alexander Capital, LP*, No. 21 Civ. 1355, 2021 WL 3185533, *12 (S.D.N.Y. 2021). A plaintiff pleading fraud must also "allege facts that give rise to a strong inference of fraudulent intent." *Id.*

## **ARGUMENT**

### I.   **THE COURT MUST DISMISS THE TPC FOR UNTIMELY SERVICE.**

It is undisputed that Guarantor failed to serve Polsinelli Defendants within 90 days after filing the TPC as required by Rule 4(m). Billingsley was served at his office in Dallas, Texas on May 17, 2023, which is ***117 days after filing the TPC***. Boydston was served at her office in Dallas,

Texas on May 24, 2023, which is ***124 days after filing the TPC***. Pursuant to Rule 4(m), the Court *must* dismiss the TPC as to Polsinelli Defendants for this failure.

Moreover, Guarantor cannot make the necessary showing of good cause to excuse his failure to comply with the generous time period provided in Rule 4. Guarantor initially requested the issuance of summonses shortly after filing the TPC, which were rejected for their deficiencies. Guarantor then inexplicably waited *two months* (2/3 of his 90-day deadline) before even requesting the summonses be re-issued, and still failed to properly file such requests. In each instance, according to docket entries, the Clerk very quickly rejected the filings and instructed Guarantor on how to refile the documents, yet Guarantor did not immediately do so (despite receiving electronic notice of the rejections). Once the summonses were issued, Guarantor waited more than 30 more days before even trying to serve the Polsinelli Defendants.

Guarantor's filing deficiencies are part of a pattern of conduct that amounts to either gamesmanship or complete disregard for electronic filing rules and procedure. That pattern exists not just in this case, but also in the State Court action referenced in the TPC where Guarantor repeatedly made similar errors by filing documents incorrectly (and failing to timely correct them). Guarantor's failure to follow (or understand) the Court's filing rules or the Federal Rules of Civil Procedure simply does not constitute "good cause" for the Court to extend the service period. Accordingly, this Court ***must*** dismiss the TPC for failure to effectuate timely service on the Polsinelli Defendants.

## II.   THE COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER POLSINELLI DEFENDANTS.

Even if the Court were inclined to extend the time period for service, which Polsinelli Defendants maintain it should not, the TPC must still be dismissed as this Court cannot exercise personal jurisdiction over the Polsinelli Defendants. None of the poorly-pled allegations against

the Polsinelli Defendants lend *any* support whatsoever to any argument that the Court can exercise personal jurisdiction over the Polsinelli Defendants. In fact, the few facts that are pled with respect to the Polsinelli Defendants establish the exact opposite; in other words, Guarantor has pled himself out of Court with respect to the Polsinelli Defendants.

A.   ***Exercising personal jurisdiction over the Polsinelli Defendants does not comport with due process.***

Due process requirements are not met here whatsoever. Neither of the Polsinelli Defendants availed themselves of New York in any manner and should never have expected to be haled into court in New York for actions they, as **Texas attorneys**, took, **in Texas**, as related to business deals centered **in Texas**. [Affidavit of Liz Bodyston in Support of Motion to Dismiss (the "**Boydston Aff.**"), ¶ 2; Affidavit of James Billingsley in Support of Motion to Dismiss (the "**Billingsley Aff.**"), ¶ 2.] The Silicon Hills Property is located in Texas, not New York. The Foreclosure Sale was held in Texas, not New York. Guarantor is not and was not in New York at the time of the Foreclosure Sale. The Polsinelli Defendants were not in New York at the time of any of the alleged wrongdoings. [Boydston Aff. ¶ 2; Billingsley Aff. ¶ 2.] The Polsinelli Defendants were physically located in Texas at all relevant times of the TPC. Boydston Aff. ¶ 2; Billingsley Aff. ¶ 2.] The Polsinelli Defendants have never lived, worked, or owned property in New York. [Boydston Aff. ¶ 3; Billingsley Aff. ¶ 3.] Simply put, there is absolutely no connection between the Polsinelli Defendants and the State of New York.

While the TPC is long, it fails to actually say anything. Guarantor's inability to plead any of the facts or causes of action with any specificity render the TPC a failure at every junction. Guarantor does not plead a single fact that would satisfy the due process requirements associated with exercising personal jurisdiction over the Polsinelli Defendants. As such, this Court does not

have jurisdiction over the Polsinelli Defendants and must dismiss the TPC as to Polsinelli Defendants.

**B.**   ***None of the long-arm statute subdivisions apply.***

Without comporting with due process requirements, the Court cannot even conduct a long-arm analysis. Even if the Court were to entertain an analysis under any of the four long-arm provisions, there still is no basis for exercising personal jurisdiction over the Polsinelli Defendants.

CPLR § 302(a)(1) does not apply because Guarantor does not even allege that the Polsinelli Defendants transact any business in New York related to these causes of action. The Polsinelli Defendants, by Guarantor's own allegations, only transact business in the state of Texas, related to business dealings in the state of Texas. The Polsinelli Defendants have never transacted business with Guarantor personally and have no contractual relationship with him. [Boydston Aff. ¶ 4; Billingsley Aff. ¶ 4.] There is no contractual or other relationship between the Polsinelli Defendants, on the one hand, and Guarantor, on the other, let alone such a relationship that should have put the Polsinelli Defendants on notice that they could be haled into court in New York. In fact, the only dealings or interactions purportedly with them, **occurred in Texas**. Accordingly, there is no personal jurisdiction under CPLR § 302(a)(1).

CPLR § 302(a)(2) requires a tortious act be committed *within the state of New York*. Again, Guarantor's own allegations state that all underlying actions allegedly taken by the Polsinelli Defendants occurred in the state of Texas. There are no claims that any tortious act—or any act at all—occurred in New York. CPLR § 302(a)(2) is therefore inapplicable and does not confer personal jurisdiction over the Polsinelli Defendants.

CPLR § 302(a)(3) has several requirements a plaintiff must meet for a court to exercise personal jurisdiction over a non-domiciliary. First, a tortious act must be committed outside of New York. While the Polsinelli Defendants deny that any tortious acts were committed, they

concede that the pleading standard governs here.  Second, the cause of action must arise from that tortious act. Again, the Polsinelli Defendants deny any wrongdoing, but they concede that the pleading standard governs. But the inquiry stops at the third element: that the tortious act "caused injury to a person or property **within the state** [of New York]." *LaMarca*, 95 N.Y.2d at 214. Guarantor's own allegations are fatal to this analysis, as he has affirmatively alleged that all people, property, and events or transactions took place in the State of Texas. Guarantor alleges that Boydston proffered statements in a related New York State Court action. [TPC, ¶ 25.] This is not sufficient for personal jurisdiction, as that action arose from those same events and transactions which took place *in Texas*. "Specific personal jurisdiction exists where a foreign defendant 'purposefully direct[s] his activities at residents of the forum,' and the underlying cause of action 'arise[s] out of or relate[s] to those activities." *In re Bernard L. Madoff Investment Securities LLC*, 418 B.R. 75 (Bankr. S.D.N.Y. 2009) (quoting *Burger King*, 471 U.S. at 472). Thus, the statements made in connection with the state court action cannot support this court exercising personal jurisdiction over Boydston. Any injuries allegedly suffered by Guarantor do not suffice, as he is and was not in New York. The TPC alleges that Guarantor is an individual who, at all relevant times, has maintained his office, principal place of business and residence in Austin, Texas." [TPC, ¶ 8.] Any injuries allegedly caused to the Properties do not suffice, as they are in Texas, not New York. The fourth and fifth elements, while not even necessary to review, also are not met, as there was no reason for the Polsinelli Defendants to expect any of their actions to have consequences in New York, nor did they derive revenue from interstate or international commerce. CPLR § 302(a)(3) is therefore not met and cannot be used to exercise personal jurisdiction over the Polsinelli Defendants.

Finally, CPLR § 302(a)(4) has not been met. Guarantor has not alleged that the Polsinelli Defendants own, use, or possess any property in the state of New York. In fact, the Polsinelli Defendants **do not** own, use, or possess any property in New York. [Boydston Aff. ¶ 5; Billingsley Aff. ¶ 5.] And, importantly, the property that is at issue in this action is located in Texas. Given that property within the state must have a relationship to the cause of action sued upon, CPLR 302(a)(4) is not met and is not sufficient to exercise personal jurisdiction over the Polsinelli Defendants.

## III.   THE CLAIMS ASSERTED IN THE TPC ARE NOT PROPER THIRD-PARTY CLAIMS UNDER RULE 14, AS NONE RELATE TO INDEMNITY

The TPC must also be dismissed as the substance of the claims are not the proper subject of third-party practice. Under Rule 14(a)(1), a defendant "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." F.R.C.P. 14(a)(1). "It is well-settled that a third-party action, also known as an impleader action, must be dependent on, or derivative of, the main claim." *iBasis Global, Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 74 (E.D.N.Y. 2011) (citing *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000)). "A third party claim may be asserted when the third party's liability is somehow <u>dependent</u> on the outcome of the main action or when the third party is secondarily liable to the defendant." *Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, 286 F.Supp.3d 634, 656 (S.D.N.Y. 2017) (emphasis in original). Importantly, "[a] 'third-party claim is not permissible simply because it arises out of the same nucleus of facts as the main claim.'" *Id.* (quoting *Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 113 F.R.D. 100, 102 (S.D.N.Y. 1986)).

Here, there is no basis for the TPC. Nowhere in the nearly 200 paragraphs of the TPC does Guarantor allege, or even insinuate, that the Polsinelli Defendants are liable for any part of the

claim asserted against Guarantor by the Plaintiff, nor is the outcome of Guarantor's claims in the TPC dependent whatsoever on the outcome of the main claims. Guarantor has not alleged a single fact to support any sort of liability or dependency, and as such the TPC must be dismissed for this additional reason.

## IV.   GUARANTOR FAILED TO STATE A CLAIM AGAINST THE POLSINELLI DEFENDANTS.

Given that the TPC must be dismissed for procedural and jurisdictional issues, there is little reason to even examine the substantive allegations of the TPC as to Polsinelli Defendants. In the event the Court does consider the substance of the TPC, however, the Polsinelli Defendants still must be dismissed because Guarantor wholly fails to state any claim against them.

### A.   *Claims for Gross Negligence and Willful Misconduct against Polsinelli Defendants are barred by the Texas Attorney Immunity Privilege and thus fail to state a claim.*

The Court also must dismiss the causes of action for gross negligence and willful misconduct against the Polsinelli Defendants *with prejudice* because they are entirely immune from lawsuit under the Texas Attorney Immunity Privilege. Each of the claims asserted against Polsinelli Defendants is barred as a matter of law by the Texas attorney immunity privilege, as each one arising out of conduct that Polsinelli Defendants, as Texas attorneys, engaged in as part of the discharge of their duties as attorneys, on behalf of their clients. [TPC *generally*, e.g., ¶ 59, 64, 70, 91.] [Boydston Aff. ¶ 2, 6; Billingsley Aff. ¶ 2, 6.]

Texas law is well-settled that "an attorney does not owe a professional duty of care to third parties who are damaged by the attorney's negligent representation of a client." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Texas, 2015). "Texas courts have developed a more comprehensive affirmative defense protecting attorneys from liability to non-clients, stemming from the broad declaration over a century ago that 'attorneys are authorized to practice their

profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages.'" *Id.* (quoting *Kruegel v. Murphy*, 126 S.W. 343, 345 (Tex. Civ. App. 1910)). Thus, "attorneys are immune from civil liability to non-clients 'for actions taken in connection with representing a client in litigation.'" *Cantey Hanger*, 467 S.W.3d at 481 (quoting *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex.App.-Houston [1st Dist.] 2005)). "This immunity is '***a true immunity from suit***,' not 'a defense to liability.'" *Tyurin v. B & H Photo Video Pro Audio LLC*, No. 17 Civ. 5983, 2018 WL 4760658, *4 (S.D.N.Y. 2018) (quoting *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016)) (emphasis added).

Given that the Polsinelli Defendants are Texas lawyers, who performed their duties in connection with the representation of their clients in litigation, in proceedings in the state of Texas, they are not liable to Guarantor whatsoever. [Boydston Aff. ¶ 2, 6; Billingsley Aff. ¶ 2, 6.] Guarantor has not, and cannot, state a cause of action against the Polsinelli Defendants for gross negligence or willful misconduct, as both arise directly out of the Polsinelli Defendants' discharge of their duties in representing their clients and are barred by the Texas attorney immunity privilege. These causes of action must be dismissed with prejudice.

Even if the Polsinelli Defendants were not immune from the gross negligence and willful misconduct claims against them, Guarantor has failed to state a cause of action as to either. As the Court is well-aware, the threshold requirement for pleading a cause of action sounding in negligence or willful misconduct is the existence of a duty. *Valentini v. Group Health Incorporated*, 220 Civ. 9526 Slip Copy 2021 WL 2444649 (S.D.N.Y. 2021) (citing *Pasternack v. Lab'y Corp. of Am. Holdings*, 27 N.Y.3d 817, 825, 59 N.E.3d 485, 490 (2016)) (a party asserting a claim for gross negligence must demonstrate a <u>duty owed by the defendant to the plaintiff</u>, (2) a breach thereof, and (3) injury proximately resulting therefrom) "**In the absence of a duty, as a**

**matter of law, there can be no liability**." *Pasternack*, 27 N.Y.3d at 825 (emphasis added). The TPC is devoid of *any* allegation that either of the Polsinelli Defendants owed Guarantor *any* duty. The lack of any such allegation is fatal to the gross negligence and willful misconduct claims.

   **B.**   ***Guarantor failed to state a claim for fraud or aiding and abetting fraud.***

  A limited exception to the attorney immunity privilege in Texas is if an attorney commits fraud or conspired with a client to defraud another. *See, e.g.*, *Miller v. Stonehenge/Fasa-Texas, JDC, L.P.*, 993 F.Supp. 461 (N.D. Tex. 1998); *Transtexas Gas Corp. v. Stanley*, 881 F.Supp. 268, 270–7 (S.D. Tex. 1994). While Guarantor's causes of action for fraud and aiding and abetting fraud at first glance appear to be an exception to the attorney immunity privilege, it is not pled with sufficient particularity and thus fails to state a cause of action. A claim arising out of misrepresentations or fraud must meet a heightened pleading standard under Rule 9(b). This cause of action wholly fails to do so.

  Moreover, the allegations are on "information and belief" which is not permitted when pleading fraud claims. "Pleadings of fraud, which are governed by Fed. R. Civ. P 9(b), 'cannot be based upon information and belief,' except as to 'facts peculiarly within the opposing party's knowledge.'" *SA Luxury Expeditions, LLC v. Schleien*, 22-CV-3825 Slip Copy 2023 WL 3203014, *3 (S.D.N.Y. 2023) (quoting *Divittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)). "Allegations based on 'information and belief are insufficient unless they include a statement of facts on which the belief is founded.'" *Id.* (quoting *Ctr. Cadillac, Inc. v. Bank Leumi Tr. Co. of N.Y.*, 808 F.Supp. 213, 229 (S.D.N.Y. 1992)). Here, Guarantor pleads these allegations based on "information and belief." [TPC ¶ 25, 26, 33, 39, 91, 162, 163, 169.] Guarantor does not provide a statement of facts on which the belief is founded, nor does Guarantor assert that the facts necessary to plead these fraud causes of action are peculiarly within the Polsinelli Defendants' knowledge. Guarantor's claims for fraud are thus wholly inadequate under Rule 9(b).

And, because Guarantor failed to plead that the Polsinelli Defendants *knowingly* aided and abetted fraud, this cause of action in fact is not an exception to the attorney immunity privilege and must also be dismissed with prejudice. "[A]n attorney is liable if he ***knowingly*** commits a fraudulent act that injures a third person." *Likover v. Sunflower Terrace II, Ltd.*, 696 S.W.2d 468, 472 (Tex. Civ. App.-Houston [1st Dist.] 1985) (emphasis added). The TPC alleges "active bidding" by Billingsley at the Foreclosure Sale, and "alleged misrepresentations to the bankruptcy court." [TPC, ¶ 162–163.] None of these allegations, however, suggest that the Polsinelli Defendants knowingly and intentionally engaged in fraudulent conduct.

## CONCLUSION

Guarantor's attempt to bring the Polsinelli Defendants into this action, which is rooted in revenge and not justice, fails at every turn. Guarantor failed to timely serve the Polsinelli Defendants and has not, and cannot, show any good cause for this failure. Guarantor has not, and cannot, allege any fact that would permit this Court to exercise personal jurisdiction over two Texas lawyers living and doing business in Texas. In fact, the few facts that Guarantor did plead firmly establish the *lack* of personal jurisdiction over Polsinelli Defendants. And the claims asserted in the TPC are not proper third-party claims under Rule 14. Further, the attorney immunity privilege under Texas law is an absolute privilege from this lawsuit as to at least two, if not all four, of the causes of action asserted against the Polsinelli Defendants. Even if the Court reaches the fraud causes of action, those still must be dismissed for failing to meet the heightened pleading standard under Rule 9(b).

Accordingly, the Polsinelli Defendants respectfully submit that the Court must dismiss the Polsinelli Defendants from this action.

Dated: June 7, 2023

POLSINELLI PC

By: */s/ Bradley R. Gardner*
Bradley R. Gardner
Morgan C. Fiander
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199
bgardner@polsinelli.com
mfiander@polsinelli.com

*Attorneys for Polsinelli Defendants*